

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

August 14, 2025

VIA ECF

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    *United States of America v. Bankman-Fried,* No. 24-0961

Dear Ms. Wolfe:

    Appellant Samuel Bankman-Fried submits this letter in response to the government's 28(j) letter concerning *Kousisis v. United States*, 605 U.S. ---, 2025 WL 1459593 (2025). *See* Dkt.61.2. The government argues that, in light of *Kousisis*, "all of Bankman-Fried's arguments that are premised on a purported requirement that the Government prove 'intent to cause loss,' as opposed to intent to obtain money or property, should be rejected." *Id.* at 1. We write to make clear that *Kousisis* does not address, much less foreclose, Appellant's evidentiary arguments that the district court erroneously allowed the prosecution to present evidence of pecuniary loss while excluding contrary defense evidence demonstrating no such loss. *See* Br.22-35.

    As Bankman-Fried stated in reply, the government's arguments regarding loss evidence "conflate[] the substantive law with evidentiary relevance." Reply Br.11. Even if *Kousisis* concluded that net pecuniary loss is not an element of fraud, that does not mean evidence of loss—or the lack thereof—is inadmissible and/or irrelevant to the other elements of fraud, such as a defendant's intent to defraud. That is particularly true where, as here, the government itself was permitted to offer evidence of pecuniary loss in its case-in-chief—and thereby present a false and highly prejudicial narrative that FTX customers and lenders had lost billions of dollars—which Bankman-Fried was precluded from rebutting. *Kousisis* decidedly did not resolve whether, as a matter of evidence law—as well as due process, fairness, and a criminal defendant's right to present a defense—a trial court may exclude defense evidence of no pecuniary loss while simultaneously permitting government evidence of loss.

    Simply put, given that the government admitted evidence of loss, Bankman-Fried had a right to respond. For these reasons, the Court should not read *Kousisis* as foreclosing in any way Bankman-Fried's evidentiary arguments.

        Respectfully submitted,

        /s/ Alexandra A.E. Shapiro

        Alexandra A.E. Shapiro

cc: All Counsel (via ECF)